IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELMIRA WHEATLEY, et al.,          :

    Plaintiffs,          :

v.                                :          Civil Action No. GLR-13-3850

EDWARD S. COHN, et al.,           :

    Defendants.          :

## MEMORANDUM OPINION

Pending before the Court are Defendants Edward S. Cohn, Stephen N. Goldberg, Richard E. Solomon, Richard J. Rogers and Randall J. Rolls's ("Substitute Trustees") Motion to Dismiss (ECF No. 11); Defendant St. Fin CORP's ("Star Financial") Motion to Dismiss (ECF No. 14); Defendants Flagstar Bank, FSB ("Flagstar"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (ECF No. 20); and Plaintiffs Brett and Elmira Wheatley's (the "Wheatleys) Motion for Leave to File Belated Objection (ECF No. 24). The Motions are ripe for disposition. The Court has reviewed the motion papers submitted by the parties and finds no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons outlined below, the Wheatleys' Motion for Leave to File Belated Objection will be denied and the Defendants' Motions to Dismiss will be granted.

The Wheatleys allege seven causes of action against Defendants. Five counts, Wrongful Foreclosure (Count I), Unjust Enrichment (Count II), Fraudulent Misrepresentation (Count III),

untitled Count IV (collectively "Fraud Counts"), and Negligent Supervision (Count VII) allege fraud on the basis of forged documents allegedly used by the Substitute Trustees to establish standing in the Foreclosure Proceeding. Count V alleges Violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 (2012), on the basis of the Defendants alleged misrepresentation of the character and legal status of the debt and unfair and deceptive means and attempts to collect the debt. Count VI alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. (2012), alleging that the Defendants failed to timely inform them of any assignments or transfers of the mortgage. The Wheatleys also seek an Order enjoining, or, in the alternative, setting aside any foreclosure sale of the Property, granting declaratory relief finding the Deed of Trust null and void, and awarding actual, statutory, and punitive damages because "the documents that were used in the foreclosure proceedings by the Defendants were invalid[ and] fraudulent . . . ." (Compl. at 4, ECF No. 2).

The Substitute Trustees filed their Motion to Dismiss on December 27, 2013, Star Financial filed its Motion to Dismiss on January 21, 2014, and Flagstar and MERS collectively filed their Motion to Dismiss on January 27, 2014. As a courtesy to the Wheatleys, the Clerk's office issued a Rule 12/56 Letter after each Motion to Dismiss was filed, advising them of their duty to respond. Nevertheless, the Wheatleys failed to respond. On

February 21, 2014, Flagstar and MERS collectively filed a Reply in support of their Motion to Dismiss noting the Wheatleys failure to respond and requesting an order granting their Motion. (ECF No. 23). Fourteen days later, on March 7, 2014, the Wheatleys filed a Motion for Leave to File Belated Objection together with an Objection to Flagstar and MERS's Motions to Dismiss.

## I. BACKGROUND

The Wheatleys executed a Promissory Note and Deed of Trust with Star Financial on December 22, 2011, to purchase real property at 2810 Seasons Way, Annapolis, Maryland 20783("the Property"). The Note provided that Star Financial could transfer the Note, and that anyone who obtained the Note by transfer was entitled to receive payments under the Note as the Note Holder. (Flagstar and MERS's Mot. to Dismiss Ex. A ["Promissory Note"], ECF No. 20-2). A copy of the Note evidences endorsements by Star Financial and Flagstar, making the Note payable to Flagstar as the Note Holder. (Id.). The Deed of Trust recognizes Star Financial as the original lender but also identifies MERS "as nominee for Lender and Lender's successors and assigns." (Compl. Ex. A, at 1, ECF No. 2-2).

On October 3, 2012, the Substitute Trustees initiated state foreclosure proceedings against the Property in the Circuit Court for Anne Arundel County, Maryland. As reflected in the state foreclosure docket attached to the Substitute Trustees' Motion, a foreclosure sale took place on May 28, 2013, and the state issued a final order ratifying the sale on October 10, 2013 ("Ratification

Order"). On September 12, 2013, the Wheatleys filed the instant Complaint, in the Circuit Court for Anne Arundel County, Maryland. On December 20, 2013, Flagstar and MERS removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331 (2012), because the Complaint alleges violations the FDCPA and RESPA. By the instant motions, Defendants seek dismissal of all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

### A. **Motion for Leave to File Belated Objection**

As a preliminary matter, the Wheatleys failed to file a timely response to the instant motions and seek leave to file a belated opposition only to Flagstar and MERS's Motion to Dismiss. The Wheatleys assert that they did not receive notice of the Motion to Dismiss or the Court's Rule 12/56 letters, and only became aware of their duty to reply upon receipt of Flagstar and MERS's Reply. Notably, Flagstar and MERS's Motion to Dismiss was served on the Wheatleys by mail at a mailing address in Florida, while the Court's Rule 12/56 Letter was mailed to a mailing address in Maryland. In any event, the Wheatleys ultimately received a copy of Flagstar and MERS's Reply which was served on them by mail at the same Florida address at which the Motion to Dismiss was served. Further, the docket does not reflect that the Wheatleys ever filed a notice of change of address, as required by the Local Rules of this Court. See Local Rule 102.1(b)(iii) (D.Md. 2011) ("Self-

4

represented litigants must file with the Clerk in every case which they have pending a statement of their current address where case-related papers may be served. This obligation is continuing . . . .").

While Federal Rule of Civil Procedure 6(b)(1)(B) gives the Court discretion to grant a reprieve to out-of-time filings that were delayed by "excusable neglect," the circumstances here do not warrant an extension. Any delay in the Wheatleys receipt of the Motion to Dismiss was due to their failure to comply with the requirement to keep the Court apprised of their current address. The fact that the Wheatleys are self-represented does not excuse their non-compliance because the rule is specifically directed to self-represented litigants. See Dancy v. Univ. of N. Carolina at Charlotte, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) ("Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989))). Accordingly, the Wheatleys Motion for Leave to File Belated Objection will be denied, and the Defendants' Motions to Dismiss will be considered unopposed. Even though the Defendants' Motions to Dismiss are unopposed, the Court must review the motion papers to ensure that dismissal is proper. Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416 n.3 (4th Cir. 2014).

**B. Motions to Dismiss**

**1.    Standard of Review**

To survive a Rule 12(b)(6) motion, the complaint must allege facts that, when accepted as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible on its face when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. Id. (citing Twombly, 550 U.S. at 555). Thus, the Court "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009)) (internal quotation marks omitted).

In determining whether to dismiss, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). The Court, however, may

consider documents integral to, or specifically referenced by, the complaint without converting the motions into ones for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). It may also consider public real estate records when ruling on a motion to dismiss. Terry v. Mortg. Elec. Registration Sys., Inc., No. 8:13-cv-00773-AW, 2013 WL 1832376, at *2 n.1 (D.Md. Apr. 30, 2013).

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted). "While pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs. for the City of Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)) (internal quotation marks omitted).

2. **Analysis**

      a.   **Res Judicata and Collateral Estoppel**

Based upon the Wheatleys' participation in the state foreclosure proceeding against the Property ("Foreclosure Proceeding") and upon the Ratification Order, Defendants assert the instant claims alleging wrongful foreclosure of the property based upon lack of standing by the Substitute Trustees are barred by res judicata and collateral estoppel. Under Maryland law, a lawsuit is barred by res judicata when: (1) the two actions involve either the same parties or persons in privity with those parties; (2) the claim presented is either identical to, or is such that it could have been resolved, in the earlier dispute; and (3) there was a prior final adjudication on the merits. McCreary v. Benificial Mortg. Co. of Md., No. AW-11-CV-01674, 2011 WL 4985437 (D.Md. Oct. 18, 2011). Distinct from res judicata is the doctrine of collateral estoppel. When an issue of law or fact has already been determined by a valid and final judgment, collateral estoppel bars a party from relitigating the issue in a subsequent action between the same parties. Cosby v. Dep't of Human Res., 42 A.3d 596, 602 (Md. 2012) (quoting Murray Int'l Freight Corp. v. Graham, 555 A.2d 502, 504 (Md. 1989)). A lawsuit is barred by collateral estoppel when: (1) the issue decided in the prior action is identical with the one presented in the action in question; (2) there was a final judgment on the merits; (3) the two actions involve either the same parties or persons in privity with those parties; and (4) the party

against whom the plea is asserted was given a fair opportunity to be heard on the issue.  Id. (citing Colandrea v. Wilde Lake Cmty. Ass'n, Inc., 761 A.2d 899, 909 (Md. 2000)).

First, the parties in the Foreclosure Proceeding included the Substitute Trustees, who acted on behalf of Flagstar and its nominee, MERS.  Second, "the law is firmly established in Maryland that the final ratification of the sale of property in foreclosure proceedings is res judicata as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings."  Ed Jacobsen, Jr., Inc. v. Barrick, 250 A.2d 646, 648 (Md. 1969) (quoting Bachrach v. Wash. United Co-op., 29 A.2d 822, 825 (Md. 1943)) (internal quotation marks omitted).[1]

As reflected in the state foreclosure docket, the Wheatleys actively participated in the Foreclosure Proceeding.  On December 17, 2012, the Wheatleys filed a Motion to Stay and/or Dismiss Foreclosure Proceeding demanding that the Substitute Trustees prove legal standing.  (See Flagstar and MERS's Mot. to Dismiss Ex. E, ECF No. 20-6); (see also Flagstar and MERS's Mot. to Dismiss Ex. D ["State Foreclosure Docket"], at 5, ECF No. 20-5).  The Motion was summarily denied on January 24, 2013.  (State Foreclosure Docket at 6).  On May 6, 2013, the Wheatleys filed an Amended Motion for an

---

[1] Under Maryland Rule 2-535(b) upon a "motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity."  MD.R. 2-535(b).

Emergency Temporary Restraining Order ("TRO") and Order to Show Cause why a Preliminary Injunction Should not Issue. (<u>See</u> State Foreclosure Docket at 7).    In their motion for injunctive relief, the Wheatleys again argue that the Substitute Trustees lacked standing to foreclose on the Property. (<u>See</u> Substitute Trustees' Mot. Dismiss Ex. 4, ECF No. 11-4). The foreclosure sale took place on May 28, 2013. (State Foreclosure Docket at 7), and on June 4, 2013, the Amended Motion for an Emergency TRO was found Moot. (<u>Id.</u>).    The Circuit Court for Anne Arundel County issued the Ratification Order on October 10, 2013. (<u>Id.</u> at 9). The Wheatleys have not appealed or otherwise moved to set aside the Ratification Order.

Thus, to the extent the Wheatleys are seeking to overturn the foreclosure or to escape from its effect, those claims are barred by res judicata as to the Substitute Trustees, Flagstar, and MERS. To the extent the Wheatleys rely on the Substitute Trustees's lack of standing to establish their fraud and other lender liability claims, those claims are also barred against the Substitute Trustees, Flagstar, and MERS by collateral estoppel because the Anne Arundel County Circuit Court's decision on that issue is regarded as conclusive in the instant case. <u>See</u> <u>Fairfax Sav.,</u> <u>F.S.B. v. Kris Jen Ltd. P'ship</u>, 655 A.2d 1265, 1271 (Md. 1995) (clarifying that a Plaintiff can seek damages for lender liability claims but be barred from averring or proving an element of the claim already resolved in a prior action).

Even assuming the Fraud Counts are not barred by res judicata and collateral estoppel, a final order will not be vacated under Maryland Rule 2-535(b) by the use of intrinsic fraud. <u>Jones v. Rosenberg</u>, 940 A.2d 1109, 1119 (Md.Ct.Spec.App. 2008) ("To establish fraud under Rule 2-535(b), a movant must show extrinsic fraud, not intrinsic fraud."). "Fraud is extrinsic when it actually prevents an adversarial trial but is intrinsic when it is employed during the course of the hearing which provides the forum for the truth to appear, albeit, the truth was distorted by the complained of fraud." <u>Id.</u> (quoting <u>Manigan v. Burson</u>, 862 A.2d 1037, 1041 (Md.Ct.Spec.App. 2004))) (internal quotation marks omitted). Here, the Wheatleys allege fraud on the basis of forged documents, which is intrinsic to the case itself.

Further, Star Financial was neither involved in the Foreclosure Proceeding nor is in privity with those parties; and thus, cannot establish the affirmative defense of res judicata. Because, however, the Fraud Counts allege that the parties proceeded to foreclosure without proper standing and Star Financial was neither a party to the Foreclosure Case nor the entity secured by the Deed of Trust, the Wheatleys fail to state a plausible claim upon which relief can be granted against Star Financial. Accordingly, the Wheatleys' Fraud Counts will be dismissed as to all Defendants with prejudice.

### b. FDCPA and RESPA Violations

The Wheatleys' claims regarding violations of the FDCPA and RESPA must be dismissed as currently pled. The Wheatleys bring their FDCPA and RESPA claims against all Defendants. They specifically allege the Defendants violated §§ 1692e(2), 1692e(5), 1692e(7), 1692e(8), and 1692f(1) of the FDCPA by falsely representing the character and legal status of their debt, threatening to take an action on their debt that cannot legally be taken, falsely representing that they committed conduct in order to disgrace them, falsely communicating information which was known or which should have been known to be false, including the failure to communicate that the debt was disputed, and attempting to collect an amount on their debt not authorized by an agreement.

To state a claim under the FDCPA, plaintiffs must sufficiently allege (1) they were the object of a collection activity arising from a consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA. Dikun v. Streich, 369 F.Supp.2d 781, 784–85 (E.D.Va. 2005) (citing Fuller v. Becker & Poliakoff, 192 F.Supp.2d 1361, 1366 (M.D.Fla. 2002)). Here, the Wheatleys failed to allege any facts to establish the first two elements of their claim, and their allegations concerning the third element are conclusory and void of any factual underpinnings. For example, absent from, yet necessary to, each of their allegations are what false representations were made and to whom; the when, where, and

12

how these false representations were made; what action was threatened; and to whom information was falsely communicated. Accordingly, the Court will dismiss the Wheatleys' claim under the FDCPA without prejudice.

The Wheatleys specifically allege the Defendants violated § 2605(b) of RESPA by failing to notify them in writing of the transfer of the servicing of the loan. To state a claim under § 2605(b), plaintiffs must sufficiently allege "facts regarding whether a defendant was a loan servicer, when the alleged transfer took place, what entities were involved in the transfer, and what specific damages plaintiff suffered due to the lack of notice." Grant v. Shapiro & Burson, LLP, 871 F.Supp.2d 462, 471 (D.Md. 2012) (citing Teaupa v. U.S. Nat'l Bank, N.A., 836 F.Supp.2d 1083, 1097– 99 (D.Haw. 2011). The Wheatleys provide no such factual allegations to support their claim. Accordingly, the Court will also dismiss the Wheatleys' claim under RESPA without prejudice.

### c. Negligent Supervision

Count VI (negligent supervision) of the Complaint must fail because the Defendants did not owe the Wheatleys a duty of care. See Jacques v. First Nat. Bank of Md., 515 A.2d 756, 758 (Md. 1986) ("Absent a duty of care there can be no liability in negligence." (quoting Ashburn v. Anne Arundel Cnty., 510 A.2d 1078 (Md. 1986))). Under Maryland law, a bank is not under a fiduciary duty to its borrowers and does not have any greater duty of care than that which is specified in the loan agreement. Yousef v. Trustbank

<u>Sav., F.S.B.</u>, 568 A.2d 1134, 1138 (Md.Ct.Spec.App. 1990).   The Wheatleys allege Defendants owe them a duty of care to supervise the actions of their employees and agents in the processing of loan documents.   Assuming the Wheatleys' allegations are legally and factually true, they failed to identify a duty arising from the mortgage contract that was negligently breached by any of the Defendants.   Accordingly, the Court will dismiss the Wheatleys' claim for negligent supervision without prejudice.

### III. CONCLUSION

For the reasons given above, Defendants' Motions to Dismiss (ECF Nos. 11, 14 & 20), are GRANTED.   Counts I through IV of the Complaint are DISMISSED with prejudice and Counts V through VII of the Complaint are DISMISSED without prejudice.   The Wheatleys Motion for Leave to File Belated Objection (ECF No. 24) is DENIED. A separate Order will follow.

Entered this 30th day of May, 2014

/s/

_____
George L. Russell, III
United States District Judge